UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hizam Yehia,

    Plaintiff,

v.                                                                                  Case No. 19-12019

Michigan Department of Corrections, *et al.*,              Sean F. Cox
                                                            United States District Court Judge

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO STRIKE DOSS DECLARATION

In this case, Plaintiff Hizam Yehia ("Plaintiff") asserts employment discrimination and retaliation claims, and a related § 1983 claim, against his former employer, the Michigan Department of Corrections ("MDOC"), and one of his supervisors there.

Following the close of discovery, Defendants filed a Motion for Summary Judgment. In opposing that Motion, Plaintiff filed a number of exhibits, including a Declaration from Michael Doss. Thereafter, Defendants filed a "Motion For A Protective Order And To Strike The Declaration Of Lt. Michael Doss." (ECF No. 36).

Defendants contend that it was improper, and a violation of Rule 4.2 of the Model Rules of Professional Conduct, for Plaintiff's counsel to have contacted and communicated with Doss, a managerial employee of MDOC. The motion presents two issues: 1) whether the Court should strike the Doss Declaration for Plaintiff's counsel having impermissibly contacted and communicated with MDOC's managerial employee to discuss this case; and 2) whether the Court should strike the Doss Declaration because it does not comply with the requirements of 28

U.S.C. § 1746 for unsworn declarations. (ECF No. 36 at PageID.1920).[1]

In response to the motion, Plaintiff's counsel, Jonathan Marko ("Marko") does not dispute that Doss is a managerial employee of MDOC, nor does he dispute that MRPC 4.2, also known as the "no-contact rule," generally prohibits contacting the managerial employees of a represented party such as the MDOC. Marko asserts that there no improper contact because he represents Doss in a separate case against the MDOC, that he was retained by Doss prior to any representation in this case, and that he learned the substance of what eventually appeared in the Doss Declaration while Marko was discussing Doss's own case against the MDOC.

Marko concedes, however, that "[o]f course, *after* Hizam Yehia retained Jon Marko as his attorney, any communication with Mr. Doss concerning Mr. Yehia's case would be (and still is) strictly prohibited by the no-contact Rule 4.2." (Pl.'s Br. at 11) (emphasis added).

Yehia retained Marko at some time prior to the filing of this case on July 9, 2019. Marko contacted Doss at some point prior to August 10, 2020, and Marko drafted a declaration for Doss to sign. Even if that declaration incorporated things that Doss previously told Marko, Marko still contacted Doss (a managerial employee of a represented party) and prepared a declaration for Doss to sign. Thus, it appears that Marko communicated with Doss after Yehia retained him in this case. As such, the Court could strike the Doss Declaration on this basis.

The Court need not make such a ruling, however, because Defendants are correct that the Doss Declaration does not comply with 28 U.S.C. § 1746.

The Sixth Circuit has stated that "[a]n unsworn affidavit cannot be used to support or oppose a motion for summary judgment." *Pollack v. Pollack*, 154 F.3d 601, 612 n. 20 (6th Cir.

---

[1] While not included as an issue presented, Defendants also mention a protective order, prohibiting Marko from any ex parte contact with MDOC employees. There does not appear, however, to be any allegation that Marko has contacted any employees other than Doss.

1998).  However, under 28 U.S.C. § 1746, an exception is created to this rule that permits courts to rely upon unsworn, signed declarations in deciding motions for summary judgment if the declaration is:  1) in writing, 2) dated, and 3) verifies that its contents are "true under penalty of perjury." 28 U.S.C. § 1746; *Pollock,* 154 F.3d at 612 n. 20.; *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir.1994).

Here, the Doss Declaration is signed and dated but it does not verify that its contents are true under penalty of perjury.

Accordingly, the Court ORDERS that Defendants' motion is GRANTED to the extent that the Court will not consider the Doss Declaration when deciding Defendants' Summary Judgment motion.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  November 2, 2020