UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hizam Yehia,

    Plaintiff,

v.                                                                          Case No. 19-12019

Michigan Department of Corrections, *et al.*,      Sean F. Cox
                                                                            United States District Court Judge
    Defendants.
_____/

## ORDER DENYING
## DEFENDANTS' MOTION FOR RECONSIDERATION

In this action, Plaintiff asserts employment discrimination and retaliation claims, and a related § 1983 claim, against his former employer, the Michigan Department of Corrections ("MDOC"), and one of his supervisors there. The matter recently came before the Court on a summary judgment motion filed by Defendants after the close of discovery. After full briefing by the parties, and oral argument, this Court issued an Opinion and Order denying the motion in part and granting it in part. The Court granted the motion to the extent that it granted summary judgment in Defendants' favor as to Plaintiff's disparate treatment, retaliation, and § 1983 claims. The Court denied the motion as to Plaintiff's traditional hostile work environment claims asserted under Title VII and Michigan's Elliott-Larsen Civil Rights Act and ruled that those claims will proceed to trial. On November 16, 2020, Defendants filed a timely Motion for Reconsideration (ECF No. 44).

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

    (3) Grounds. Generally, and without restricting the court's discretion, the court

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

See Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication. Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court concludes that, with respect to Defendants' Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Defendants' Motion for Reconsideration presents a single issue – "Should this Court grant Defendant's Motion for Reconsideration on the *Faragher/Ellerth* defense and employer liability because Defendant's Discriminatory Harassment Policy meets the "minimally-sufficient' threshold articulated" in *Thornton v. Federal Express Corp.*, 530 F.3d 451 (6th Cir. 2008).

In the challenged Opinion and Order, this Court concluded that Plaintiff has submitted sufficient evidence to establish a prima facie case of a traditional hostile work environment claim. In its analysis of that claim, this Court explained that in order to "establish a prima facie case of a hostile work environment based on circumstantial evidence, a plaintiff must show: 1) he is a member of a protected class; 2) he was subject to unwelcome harassment; 3) the

harassment was based on the protected classes or characteristic; 4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and 5) the employer knew or should have known about the harassment and failed to act. *Stewart v. Esper*, 815 F. App'x 8, 21 (6th Cir. 2020) (citing *Williams v. CSX Transp. Co., Inc.,* 643 F.3d 502, 511 (6th Cir. 2011))." (11/2/20 Opinion & Order, ECF No. 42, at 26). As to the fifth element of that prima facie case, this Court explained:

> The fifth element of a prima facie claim of hostile work environment is employer liability – showing that the employer knew or should have known about the harassment and failed to act. *Stewart v. Esper*, 815 F. App'x 8, 21 (6th Cir. 2020) (citing *Williams v. CSX Transp. Co., Inc.,* 643 F.3d 502, 511 (6th Cir. 2011)).
> As their final issue presented in their motion, Defendant argue that the "*Farrager/Ellerth* defense applies because Defendant MDOC exercised reasonable care to prevent and correct harassing behavior and Plaintiff never reported harassing behavior stemming from a protected class." (Defs.' Br. at 18). Rather than include this as a separate issue, the Court includes this issue here in analyzing the hostile work environment claim. That is because a *Farrager/Ellerth* defense relates to the fifth element of a prima facie case of hostile work environment – whether there is a basis for employer liability. *Thornton v. Federal Express Corp*., 530 F.3d 451, 456 (6th Cir. 2008).
> "Because strict liability is imposed on employers for the harassing conduct of their supervisors, there is an exception to liability for the employer: so long as the harassment did not result in a negative tangible employment action for the victim, the employer has an available affirmative defense." *Clark v. United Parcel Service, Inc*., 400 F.3d 341, 348 (6th Cir. 2005). Here, Plaintiff's hostile work environment claim is not based on a tangible employment action and, therefore, the MDOC can assert a *Farrager/Ellerth* affirmative defense.

(Opinion & Order at 28-29). This Court then explained the various components of that defense. This Court noted that in determining whether the employer took reasonable care in preventing and promptly correcting the alleged discriminatory harassment, the Court must look not only to the employer's harassment policy, but also to its implementation of that policy. (*Id*. at 30). This Court stated:

> An "effective harassment policy should *at least*: (1) require supervisors to report incidents of [discriminatory] harassment; (2) permit both informal and

> formal complaints of harassment to be made; (3) provide a mechanism for bypassing a harassing supervisor when making a complaint; and (4) provide for training regarding the policy." *Thornton*, 530 F.3d at 456 (citing *Clark, supra*) (emphasis added).
>
> Even if an employer has a facially sufficient policy on paper, it must also be an effective policy in practice in order for the employer to avail itself of this affirmative defense. *Clark*, 400 F.3d at 350. In *Clark*, the employer and the EEOC argued that none of the supervisors who witnessed an employee's discriminatory harassment towards the plaintiff "took any action towards stopping the harassment." *Id.* The Sixth Circuit noted that there was evidence to establish some of the employer's supervisors had witnessed several of alleged harassing comments or incidents. The court found that, while it was "unlikely that any of th[o]se individual incidents alone created a hostile work environment," there was a "real question as to whether the supervisors should have taken the first step towards prevention and correction by reporting these incidents" to the employer's personnel, as was directed by the employer's written policy. *Clark, supra*, at 350. Thus, the issue of whether the employer, via those supervisors, exercised reasonable care was one for the jury. *Id*. As such, the employer could not benefit from the affirmative defense at the summary judgment stage. *Id.* at 351.
>
> The second part of this affirmative defense, and the one that Defendants focus on, is whether the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. They liken their situation to the one in *Thornton* and assert that they have established this affirmative defense because Plaintiff never reported the discriminatory harassment.
>
> But this Court need not even address that second part of the affirmative defense because Defendants have not put forth sufficient evidence to get past the first hurdle of having a minimally-sufficient discriminatory harassment policy.

(Opinion & Order at 30-31) (italics in original). This Court then explained:

> Again, the employer's written policy on discriminatory harassment has to, "at least," do all of the following: 1) require supervisors to report incidents of discriminatory harassment; 2) permit both informal and formal complaints of harassment to be made; 3) provide a mechanism for bypassing a harassing supervisor when making a complaint; and 4) provide for training regarding the policy. *Thornton*, 530 F.3d at 456. *Defendants have not shown that the MDOC's harassment policy contains those provisions*. As such, the MDOC has not established that, at the summary judgment phase of this case, that it is entitled to this affirmative defense.

(Opinion & Order at 31) (emphasis added).

In seeking reconsideration, Defendants take issue with the Court's conclusion that they did not establish that the MDOC's harassment policy contains those required provisions.

Defendants contend that this Court erred because a copy of the MDOC's written harassment policy can be found in the voluminous exhibits they filed – arguing that "[l]ost in the shuffle (and fairly so) of the 800 or so pages" of exhibits that Defendants filed in support of their motion was the MDOC's written harassment policy. (Defs.' Br. at 1).

As the Sixth Circuit has explained, a "district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.' *Street,* 886 F.2d 1472, 1479-80. '[J]udges are not like pigs, hunting for truffles' that might be buried in the record." *Emerson v Novartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011). It was Defendants' job[1] "to point to the evidence with specificity and particularity in the relevant brief." *Dean-Lis v. McHugh*, 598 F. App'x 412, 415 (6th Cir. 2015).

Defendants did not do so. In their summary judgment brief, Defendants addressed the *Farrager/Ellerth* defense at pages 18 through 20 of their brief. Although Defendants cited the Sixth Circuit's decision in *Thornton*, they did not discuss the four minimally-required elements of an effective harassment policy set forth in that case, nor did they direct the Court to the MDOC's written policy and argue that it met those various requirements.

Defendants now argue that the MDOC's policy meets or exceeds threshold requirements set forth in *Thornton*. In their Motion for Reconsideration, Defendants direct the Court to the MDOC's policy, and make arguments as to each of the various factors. But a motion for reconsideration is not a vehicle for making new arguments that could have been, but were not, raised before the Court issued its ruling.

---

[1] It is true that this Court could delve into the voluminous exhibits filed by Defendants and search for evidence that could support its asserted affirmative defense. "But ours is an adversarial system in which 'it is improper for the courts' to 'flesh out the parties' arguments for them.'" *Ecimos, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018).

Accordingly, the Court ORDERS that Defendants' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                                          s/Sean F. Cox  
                                                          Sean F. Cox  
                                                          United States District Judge

Dated: December 8, 2020